UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH MATHIS,

    Plaintiff,

v.                                            CASE No. 8:07-CV-1509-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Unopposed Motion for Award of Attorney's Fees and Supporting Affidavits (Docs. 25, 26, 27, 28) filed by counsel for the plaintiff on October 21, 2008. Having considered the application and the pertinent factors regarding an award of an attorney's fee under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,261.52 in an attorney's fee to be paid by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of disability insurance benefits and supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of United States Magistrate Judge Mary S. Scriven dated

July 25, 2008 (Doc. 23).* Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff then filed this application for fees under the EAJA.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,261.52 representing 13.4 total hours of service before the court at an hourly rate of $168.77 in 2007 and 2008 (Doc. 25, p. 1).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees to the plaintiff in this case is appropriate under the EAJA.

The plaintiff indicated that the defendant does not object to the amounts stated in the motion (Doc. 25, p. 2). Moreover, the defendant has failed to respond despite adequate time to do so. Consequently, the plaintiff is entitled to the award of attorney's fees.

The claim of 13.4 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

---

*The case was subsequently reassigned to me (Doc. 29).

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $168.77 per hour for work performed in 2007 and 2008 (Doc. 28, pp. 2-3). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. In light of the defendant's lack of objection to an award based on a cost of living increase, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Accordingly, the plaintiff will be awarded an attorney's fee in the amount of $2,261.52.

For the foregoing reasons, the Plaintiff's Unopposed Motion for Award of Attorney's Fees (Docs. 25) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $2,261.52 in attorney's fees to be paid by the defendant directly to the plaintiff pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 31st day of December, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE